**ROBERT R. POWELL, ESQ. CSB#159747**
**DENNIS R. INGOLS, ESQ.   CSB#236458**
**LAW OFFICES OF ROBERT R. POWELL**
925 West Hedding Street
San José, California  95126
T: 408-553-0200 F: 408-553-0203
E: admin@rrpassociates.com

Attorneys for Plaintiffs
DOWELL MCLAUGHLIN & STEVEN MCLAUGHLIN,

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
(Sacramento Division)

| | |
|---|---|
| DOWELL MCLAUGHLIN, STEVEN MCLAUGHLIN,  Plaintiffs, vs. COUNTY OF EL DORADO, et al  Defendants. | Case No. 2:10-CV-2551-LKK-GGH  STIPULATION FOR ISSUANCE OF ORDER SHORTENING TIME  Date: Time: Courtroom:  4 Judge:      Hon. Lawrence K. Karlton |

**WHEREAS,** Plaintiffs have reached a settlement that would resolve all claims between them and the City of South Lake Tahoe and its employee co-defendants, and;

**WHEREAS**, on August 25, 2011, Plaintiffs Dowell and Steven McLaughlin submitted an Ex-Parte Application for Approval of Minors' Compromise ("Petition"), and;

**WHEREAS,** the proposed settlement includes annuities for each of the Plaintiffs' three minor children, as set forth in the Petition, and;

**WHEREAS**, the proposed annuities must be funded by October 1st, 2011, at which point the quoted interest rates underlying the proposed annuity payouts expires, and;

**WHEREAS**, the Court's first available hearing date, based on the Court's availability and standard amount of notice under the Local Rules, is October 22nd, which is too late to allow the annuities to be funded in time; and

**WHEREAS,** while the settlement has already been approved by the South Lake Tahoe City Council, counsel for the City estimates it would take 14 days for a check to be processed and delivered to the office of the company handling the establishment of the proposed annuities, Ringler Associates, located in Walnut Creek, California; and

**WHEREAS**, the settling Defendants do no oppose the Petition;

**WHEREAS,** Plaintiffs have made every effort to provide the Court with all relevant information;

the parties, through their counsel of record, do hereby stipulate as follows and respectfully request this Court order same:

    1. The hearing on the Petition (Docket #19), is hereby scheduled for September 26, 2011, at 10:00 a.m.; and

    2. Any responsive pleading by any Defendant must be e-filed by September 12, 2011.

**IT IS SO STIPULATED.**

Date: August 26, 2011                               /s/ Dennis R. Ingols
                                                          DENNIS R. INGOLS, ESQ.
                                                          Attorney for Plaintiffs

Date: August 29, 2011                                 /s/ Nira Freeley
                                                          NIRA FREELEY, ESQ.
                                                          Attorney for City of South Lake Tahoe, Christopher Webber, Cameron Carmichael, and Andrew Eissinger

**ORDER**

Based on the stipulation of the parties, and good cause appearing therefor, the Court hereby orders and finds as follows:

1. The hearing on the Petition (Docket #19), is hereby scheduled for September 26, 2011, at 10:00 a.m.;[1] and

2. Any responsive pleading by any Defendant must be e-filed by September 12, 2011.

IT IS SO ORDERED.

DATED: August 30, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] Counsel for plaintiff appears to be unaware of the Local Rules of this court. Pursuant to L.R. 230, before filing a motion, counsel must first confer with the courtroom deputy as to the judge's law and motion calendar, and then simply file their motion twenty-eight (28) days prior to the selected hearing date. Thus, counsel could have avoided filing this stipulation by timely noticing their motion for the September 26th calendar when the motion was filed on August 25, 2011. The court advises counsel to become familiar with the Local Rules of this court, especially L.R. 202, which governs the settlement of minors' claims. In addition to requiring motions for approval of minors' settlements to be noticed pursuant to L.R. 230, the rule also sets forth the minimum requirements for the content of motions to approve settlements, L.R. 202(b)(2), and mandates the attendance of minors and their representatives at the hearing on such motions, L.R. 202(d).