UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOWELL McLAUGHLIN,
et al.,

        Plaintiffs,

    v.

COUNTY OF EL DORADO,
et al.,

        Defendants.
_____/

NO. CIV. S-10-2551 LKK/GGH

O R D E R

**1.  Motion To Appoint Guardian Ad Litem**

Plaintiffs move, pursuant to Rule 17(c) of the Federal Rules of Civil Procedure, for the appointment of plaintiff Dowell McLaughlin to be the Guardian Ad Litem ("GAL") for her minor children. In support, plaintiffs have submitted Ms. McLaughlin's declaration stating that she is the mother of the minor children, that she loves her children, that her attorney has explained her role as GAL, that she will receive no compensation for her service, and that she consents to the appointment.

The case law appears to be scarce on what qualifications are needed to be a GAL for a minor child. However, Ms. McLaughlin's

1

declaration indicates that she is fit to be the GAL for the minor children. Cf., Anthem Life Ins. Co. v. Olguin, 2007 WL 1390672 at *2 (E.D. Cal. May 9, 2007) (Goldner, Mag. J.) (qualifications to be a "next friend" under Rule 17(c)(2) include having "a true dedication to the best interest of the minor," and a "significant relationship" with them).

Defendants have filed a "Qualified Opposition" to the GAL Motion. Defendants assert that they have "concerns" that Ms. McLaughlin failed to "explain" her financial interest in the case, and that she has already taken a position of the allocation of settlement proceeds as between the minor children and their parents, including herself. In essence, defendants object to the fact that Ms. McLaughlin will be both a plaintiff and a GAL to her children who are also plaintiffs. However, defendants do not assert that Ms. McLaughlin's interest in the litigation is inconsistent or opposed to the minor children's, nor does such a conflict appear.

The fact of Ms. McLaughlin's status as a plaintiff is insufficient to make her unfit to be a GAL for her minor children, who will also be plaintiffs. See, e.g., Bhatia v. Corrigan, 2007 WL 1455908 at *1 (N.D. Cal. May 16, 2007) (Wilken, J.) ("Generally, when a minor is represented by a parent who is a party to the lawsuit, and who has the same interests as the child, there is no inherent conflict of interest"). Defendants' "concerns" are therefore insufficient to overcome Ms. McLaughlin's showing of her fitness to be GAL for her minor children, and therefore the motion

will be granted.

**2.   Motion To Amend Complaint**

Plaintiffs move to amend their complaint to add their minor children as plaintiffs.  There is no opposition to the motion, and therefore it will be granted.  However, both sides recognize that granting the motion will require that the pre-trial schedule be amended.

**3.   Conclusion**

For good cause shown, the court orders as follows:

**A.**   Plaintiffs' motion to appoint Ms. McLaughlin as Guardian Ad Litem for her minor children is **GRANTED**;

**B.**   Plaintiffs' motion to amend the complaint to add the minor children as plaintiffs is **GRANTED**.  However, the proposed amended complaint names the minor children in the body of the complaint, but fails to include them in the caption.  Plaintiffs are therefore **ORDERED** to include the names (or initials) of the minor children in the caption, and to identify them as proceeding by and through their Guardian Ad Litem, before filing the amended complaint;[1]

**C.**   All dates previously set in this matter are hereby **VACATED**; and

**D.**   A Pretrial Conference is **SCHEDULED** for January 23, 2012 at 3:30 p.m.  All parties shall file updated Status Reports no

---

[1] The identification of the minor children in the caption may read "[minor child (or initials)], a minor, by and through [his/her] Guardian Ad Litem, Dowell McLaughlin," or similar language to the same effect.

3

1 | later than 14 days before the Pretrial Conference.
2 |     IT IS SO ORDERED.
3 |     DATED: December 6, 2011.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT