ROBERT R. POWELL, ESQ. CSB: 159747
DENNIS R. INGOLS, ESQ.   CSB: 236458
BRETT O. TERRY, ESQ.      CSB: 270694
LAW OFFICES OF ROBERT R. POWELL
925 West Hedding Street
San José, California  95126
T: 408-553-0200 F: 408-553-0203

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA
(SACRAMENTO Division)

| | |
|---|---|
| DOWELL MCLAUGHLIN, et al. | Case No. 2:10-CV-2551-LKK-GGH |
| Plaintiffs, | DECLARATION OF ROBERT R. POWELL IN SUPPORT OF MOTION FOR APPROVAL OF MINORS' COMPROMISE |
| v. | |
| COUNTY OF EL DORADO, et al., | |
| Defendants. | |

I, ROBERT R. POWELL, do hereby declare:

1.  I am an attorney licensed to practice before all state and federal courts in the State of California, the Ninth Judicial Circuit, and the U.S. Supreme Court.  I am the attorney of record for all Plaintiffs herein

2.  I have e-mailed a copy of the accompanying Motion for Court Approval of Minors' Compromise of Claims, this Declaration, and all attachments, to counsel for the County of El Dorado and the individually-named employee-defendants thereof that have entered into the settlement agreement for which court approval is sought.  I expect that the Defendants' counsel will file a Declaration of Non-Opposition.

1

3. Attached as Exhibit A is a true and correct copy of the Attachment to Motion for Minors' Compromise for each minor Plaintiff, redacted to protect the privacy of the minor Plaintiffs.

4. Attached as Exhibit B is a true and correct copy of the Non-Qualified Assignment and Release of Periodic Payment Obligation, redacted to protect the privacy of the minor Plaintiffs, that is to be signed by the Assignor ("County of El Dorado"), Assignee ("Barco Assignments Ltd."), Claimants (Minor Plaintiffs by and through their natural parent and Guardian ad Litem, Dowell McLaughlin"), and Claimant's Attorney.

5. Together, Exhibits A and B, comprise the "Settlement Documents" pertaining to the settlement for which Plaintiffs seek approval of this Court.

6. As stated in the Motion, the attorneys' fees requested equal 35% of the net $38,438.90 monetary award to the minor Plaintiffs M.M, H.M, and C.M.

7. I respectfully submit to the Court this is an acceptable split of the settlement, and contingency fees in this case, and cases of this nature, for the following reasons:

8. As to the distribution among the adult and minor Plaintiffs it was considered that Steven and Dowell will have to pay taxes on their proceeds of the settlement, whereas although M.M, H.M, and C.M. may have to pay taxes too, it will be at a time when they likely have little or no other income (21 years of age), and also will likely have available various tax benefits related to college tuition, and therefore the tax hit will be inconsequential.

9. The pre-attorney's fees proceeds to be received by M.M, H.M, and C.M. is $38,438.90, versus $57,658.35, for Dowell & Steven.  Given the greater emotional effect of the removal and subsequent juvenile proceedings on Dowell & Steven than on M.M, H.M, and

2

C.M.., who are young and have lesser understandings thereof, a larger present-value portion to Dowell & Steven would be reasonable.

10. Also, given the higher projected tax consequences for Steven and Dowell, in after-tax dollars, it may very well prove that M.M, H.M, and C.M. receive significantly more than Dowell & Steven.

11. As to the distribution between the Plaintiffs collectively and the office of the undersigned: the contingency case attorney fee percentage that my office charges for representation in these matters generally is based on twelve years of practicing in this specific area of civil rights litigation.  The undersigned has been practicing for over 20 years.  This office is also responsible for two of the most significant cases in this area of law in the past five years, *Beltran v. County of Santa Clara*, and *Burke v. County of Alameda*, explained more fully below. The contingency requested in this case specifically is more than reasonable, given the results obtained, and the experience and efforts applied by my office.

12. Also, as the Court is no doubt aware, there is a significant amount of risk that a law firm will never be paid any fees in the context of a civil rights case due to the elusive, shifting, and case-specific nature of immunity analysis.

13. The possibility of having a case dismissed after thousands of dollars are expended on experts and discovery, and many attorney hours are spent litigating the case can mean significant financial losses to the attorney taking on such a case on a contingency basis.  In civil rights litigation, there is always the possibility that the court will find that indeed the Plaintiffs' rights were violated, but because the right was not "clearly established" the plaintiff will not recover a dime.  Another possible scenario involves a "winning" trial verdict, but for nominal damages, which could even be exceeded by costs incurred by the

3

plaintiff, not to mention costs potentially taxed against the plaintiff who rejected an arbitration award, or outright lost a case.  The aforementioned are but a few of the possible risks associated with undertaking such a case on a contingency basis, and further justify the fees requested.

14. In a provision I suspect will not be found in any other contingency fee agreement anywhere, if I take a case to trial and we are awarded nominal damages, but an attorney fee award is made, my agreement specifies that the total net recovery will be added together and then split between the collective plaintiffs and counsel such that I never receive more (excluding cost reimbursement) than the plaintiffs collectively receive.

15. I have represented plaintiff family members in civil rights cases of this nature over twenty times in the past twelve years (handled in excess of one hundred juvenile court matters from which these cases usually stem), and I am currently representing plaintiff families in over a dozen other cases in three of the four District Courts in the State of California, and the 9th Circuit.

16. I have taken litigation of this nature to the 9th Circuit Court of Appeals several times.

17. In another appeal to the 9th Circuit by my office, *Beltran v. Santa Clara*, (WL 193319, en banc, per curium, Jan. 24, 2008), the 9th Circuit, sitting *en banc*, reversed and remanded *Beltran*, and overruled itself on the issue of absolute immunity in *Doe v. Lebbos,* 348 F.3d 820 (9th Cir. 2003), for false presentation of facts, and the failure to disclose exculpatory facts in applications for protective custody warrants.    In addition, this office handled the matter of *Burke v. County of Alameda*, 586 F.3d 725 (9th Cir. 2009), which made it incumbent upon investigating police officers or social workers, to make all reasonable efforts to contact the "other" (i.e. non-offending) parent in child abuse investigations

4

before electing to take a child into protective custody.  All of these cases are significant for their expansion and/or clarification of parents' rights to care for their children without unnecessary government interference.

18. To my knowledge, there are only eight attorneys in the State of California who practice in this area of civil rights law on a regular basis.  Other than myself and my associate Dennis Ingols, there are three from the San Diego area (Donnie Cox, Paul Leehey, Dennis Atchley), one in the Orange County area (Shawn McMillan), and one in the Bay Area (David Beauvais).  Another fine attorney who is no longer doing these types of matters regularly, but who has done them in the past and been a personal mentor to me is Andrea Miller.  We are in fact all confidants and colleagues, and somewhat regularly discuss and share developments in the law in this field.

19. In short, my office works very hard for the vindication of those parents and children whose lives have been so damaged by the often rash and inexplicable actions of tearing them apart, and we take these cases knowing the risks, and fully informing our clients of the same, as well as advising them of their ability to seek out other counsel if they would like.

20. I had no prior relationship, personal or professional, to Dowell, Steven, M.M, C.M., or H.M. prior to representing them in this case.

21.  Plaintiffs Dowell and Steven, individually, and Dowell in the capacity of guardian ad litem for minors M.M, H.M, and C.M., freely and voluntarily entered into an arm's-length attorney-client contract with my firm, with the provision that the minor Plaintiffs' fee agreement with counsel was subject to approval by the Court through a Motion for Minors' Compromise.

Declaration of Robert Powell Re:
Minors' Compromise
McLaughlin v. County of El Dorado
(Case No. 2:10-CV-2551-LKK-GGH)

22. I have reduced my requested fees for representation of the minor Plaintiffs from my standard 50%, which was agreed to in the retainer agreement for this case, to 35% in this case to help facilitate settlement.

23. For the foregoing reasons, I submit the attorneys' fees and costs award requested herein is entirely fair.

24. I believe the settlement distribution that is proposed properly takes into account various factors pertinent to discerning a reasonable distribution, as discussed in the Motion and herein, that the 35% contingency fee percentage is appropriate in this matter, and request this Court approve the minors' compromise as stated, without a hearing.

25. The Court expressly directed Plaintiffs' attention to Local Rule 202(b)(2), and as such Plaintiffs will set forth the relevant facts hereinbelow, notwithstanding that they are largely described hereinabove.

   a. The minors names and dates of birth have been redacted from the attachments, but the Court can determine their ages from Exhibit A. They minors are all female.

   b. The Court is presumably highly familiar with the "nature of the causes of action" and the "facts and circumstances out of which [they] arose…" and the "persons involved" having recently ruled on the County's motion for summary judgment, and a prior petition for minors' compromise. In short, a civil rights lawsuit for the warrantless removal of the minor Plaintiffs from their parents due to allegations of a dirty home.

   c. The amount of the settlement was determined by good old fashioned back-and-forth negotiations between counsel, based on each side's (presumably, though I can only attest to our side) independent investigation of similar verdicts and settlements

Declaration of Robert Powell Re:
Minors' Compromise
McLaughlin v. County of El Dorado
(Case No. 2:10-CV-2551-LKK-GGH)

and careful analysis of the Court's ruling on the County's motion for summary

judgment.

    d.   There was no personally injury claim, and as such no medical records or reports are

submitted herewith.

26.  The foregoing is sworn to under penalty of perjury pursuant to the laws of the State of

California

November 21, 2012                         /s/     Robert R. Powell
                                            ROBERT R. POWELL, ESQ.
                                            Attorney for Plaintiffs

Declaration of Robert Powell Re:
Minors' Compromise
McLaughlin v. County of El Dorado
(Case No. 2:10-CV-2551-LKK-GGH)

EXHIBIT A

**ATTACHMENT TO PETITION
FOR MINOR'S COMPROMISE
FOR:
C.M. – DOB: 01██/1998**

**Payments**
In consideration of the Petition for Minor's Compromise, attached hereto, County of El Dorado, Janice Eastburn and Kate McCullough (the "Defendants"), agree to pay to the Plaintiff, C.M. (the "Payee") according to the schedule as follows, (the "Periodic Payments"):

**Guaranteed Payout**

**Guaranteed Lump Sum Payment**

| Age | Amount | Payment Date | |
|-----|--------|--------------|--------|
| 21  | $ 9,065 | 01██/2019 | $ 9,065 |

*Funding delays and/or rate adjustments may result in minor changes to the benefits listed above. Such changes will be correctly reflected in the associated Release document.*

**Payee's Rights to Payments**
The Plaintiff acknowledges that the Periodic Payments cannot be accelerated, deferred, increased or decreased by the Plaintiff or any Payee and no part of the payments called for herein nor any assets of the Defendants is to be subject to execution or legal process for any obligation in any manner, nor shall the Plaintiff or any Payee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

**Consent to Non-Qualified Assignment[1]**
The Plaintiff acknowledges and agrees that the Defendants may enter into a Non-Qualified Assignment with Barco Assignments Ltd. ("Assignee") to make the Periodic Payments set forth herein. Specifically, the County of El Dorado (the "Assignor"), as the payor of the consideration for the Periodic Payments recited herein, shall purchase the above Periodic Payments and assign its obligation by signing a Non-Qualified Assignment document to make the Periodic Payments called for above in this Attachment to Petition for Minor's Compromise. The Assignee's obligation for payment of the Periodic Payments shall be no greater than that of the Defendants (whether by judgment or agreement) immediately preceding the transfer of the Periodic Payments obligation. Liberty Life Assurance Company of Boston will distribute a Notice of Financial Commitment to BARCO Assignments Ltd. with the contract. Liberty Life Assurance Company of Boston has received high ratings from A. M. Best, (A), and Standard & Poor's, (A-) **(See attached ratings sheet).**

Such assignment shall be accepted by the Plaintiff without right of rejection and shall completely release and discharge the Defendants from the Periodic Payments obligation assigned to the Assignee. The Plaintiff recognizes that the Assignee shall be the sole obligor with respect to the Periodic Payments obligation, and that all other releases with respect to the Periodic Payments obligation that pertain to the liability of the Defendants shall thereupon become final, irrevocable, absolute, and non-contingent. The Plaintiff agrees that such assignment shall constitute a full release and discharge of all of the Defendants' obligations relative to the Periodic Payments set forth above.

**Right to Purchase an Annuity**

The Defendants, themselves, or through their Assignee, reserve the right to fund the liability to make the Periodic Payments by purchasing an annuity policy from Liberty Life Assurance Company of Boston. The Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership. The Assignee may have Liberty Life Assurance Company of Boston mail payments directly to the Payee. The Plaintiff or the Payee, upon reaching the age of majority shall be responsible for maintaining the accuracy of the current mailing address and mortality information for the Payee with the Assignee.

**Non-Assignment**

None of the Periodic Payments and no rights to or interest in any of the Periodic Payments (all of the foregoing being hereinafter collectively referred to as "Payment Rights") can be

 i.  Accelerated, deferred, increased or decreased by any recipient of any of the Periodic Payments; or

 ii.  Sold, assigned, pledged, hypothecated or otherwise transferred or encumbered, either directly or indirectly, unless such sale, assignment, pledge, hypothecation or other transfer or encumbrance (any such transaction being hereinafter referred to as a "Transfer") has been approved in advance in a "Qualified Order" as defined in Section 5891(b)(2) of the Code (a "Qualified Order") and otherwise complies with applicable state law, including without limitation any applicable state structured settlement protection statute.

 iii.  No Plaintiff or Successor Payee shall have the power to effect any Transfer of Payment Rights except as provided in sub-paragraph (ii) above, and any other purported Transfer of Payment Rights shall be wholly void. If Payment Rights under this Agreement become the subject of a Transfer approved in accordance with sub-paragraph (ii) above, the rights of any direct or indirect transferee of such Transfer shall be subject to the terms of this Agreement and any defense or claim in recoupment arising hereunder.

**Payee's Beneficiary**

Any payments to be made after the death of the Payee pursuant to the terms of this Attachment to Petition for Minor's Compromise shall be made to such person or entity as shall be designated in writing by the Payee, upon reaching the age of majority, to the Assignee. If no person or entity is so designated by the Payee, or if the person designated is not living at the time of the Payee's death, such payments shall be made to the estate of the Payee. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Assignee. The designation must be in a form acceptable to the Assignee before such payments are made.

**Discharge of Obligation**

The obligation the Assignee to make each Periodic Payment shall be discharged upon the mailing of a valid check to the designated address or upon electronic transfer into the designated bank account in the amount of such payment to the Payee named in this Attachment to Petition for Minor's Compromise. Upon notice from the Payee that a payment was not received, the Assignee will initiate reasonable stop payment action and upon confirmation that the funds were not negotiated or deposited, Assignee will process a replacement payment.

---

[1] This process involves the herein referenced Defendant issuing a check payable to Barco Assignments Ltd. and signing a Non-Qualified Assignment and Release document to transfer their obligation for these payments to the Assignee.

# List of Company Ratings

**Company:**     Liberty Life Assur of Boston
**Domicile:**    NH
**Established:** 1963

Excellent.  Assigned to companies that have, in our opinion, an excellent ability to meet their ongoing obligations to policyholders.

An insurer rated 'A' has STRONG financial security characteristics, but is somewhat more likely to be affected by adverse business conditions than are insurers with higher ratings.

The Comdex gives the average percentile ranking of this company in relation to all other companies that have been rated by the rating services.  The Comdex Ranking is the percentage of companies that are rated lower than this company.

A Best's Financial Strength Rating opinion addresses the relative ability of an insurer to meet its ongoing insurance obligations. It is not a warranty of a company's financial strength and ability to meet its obligations to policyholders. View our Important Notice: Best's Credit Ratings for a disclaimer notice and complete details at http://www.ambest.com/ratings/notice.

Watch list identifiers follow the ratings if the company is on the rating service's watch list.  The identifier indicates a possible upgrade (w+), downgrade (w-), or unknown change (w).

The ratings on this report are current as of November 15, 2012.  These ratings have been selected by your life insurance advisor from among the ratings assigned to this insurer.
Presented by: J. Douglas  Merritt, Ringler Associates, Inc., 1981 N. Broadway, Suite 440, Walnut Creek, CA 94596 Phone: 8003521912 Email: jmerritt@ringlerassociates.com

## ATTACHMENT TO PETITION
## FOR MINOR'S COMPROMISE
## FOR:
## H.M. – DOB: 06██/2004

### Payments
In consideration of the Petition for Minor's Compromise, attached hereto, County of El Dorado, Janice Eastburn and Kate McCullough (the "Defendants"), agree to pay to the Plaintiff, H.M. (the "Payee") according to the schedule as follows, (the "Periodic Payments"):

**Guaranteed Payout**

**Guaranteed Lump Sum Payment**

| _Age_ | _Amount_ | _Payment Date_ | |
|-----|--------|--------------|--------|
| 21 | $9,065 | 06██/2025 | $9,065 |

*Funding delays and/or rate adjustments may result in minor changes to the benefits listed above. Such changes will be correctly reflected in the associated Release document.*

### Payee's Rights to Payments
The Plaintiff acknowledges that the Periodic Payments cannot be accelerated, deferred, increased or decreased by the Plaintiff or any Payee and no part of the payments called for herein nor any assets of the Defendants is to be subject to execution or legal process for any obligation in any manner, nor shall the Plaintiff or any Payee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

### Consent to Non-Qualified Assignment[1]
The Plaintiff acknowledges and agrees that the Defendants may enter into a Non-Qualified Assignment with Barco Assignments Ltd. ("Assignee") to make the Periodic Payments set forth herein. Specifically, the County of El Dorado (the "Assignor"), as the payor of the consideration for the Periodic Payments recited herein, shall purchase the above Periodic Payments and assign its obligation by signing a Non-Qualified Assignment document to make the Periodic Payments called for above in this Attachment to Petition for Minor's Compromise. The Assignee's obligation for payment of the Periodic Payments shall be no greater than that of the Defendants (whether by judgment or agreement) immediately preceding the transfer of the Periodic Payments obligation. Liberty Life Assurance Company of Boston will distribute a Notice of Financial Commitment to BARCO Assignments Ltd. with the contract. Liberty Life Assurance Company of Boston has received high ratings from A. M. Best, (A), and Standard & Poor's, (A-) **(See attached ratings sheet).**

Such assignment shall be accepted by the Plaintiff without right of rejection and shall completely release and discharge the Defendants from the Periodic Payments obligation assigned to the Assignee. The Plaintiff recognizes that the Assignee shall be the sole obligor with respect to the Periodic Payments obligation, and that all other releases with respect to the Periodic Payments obligation that pertain to the liability of the Defendants shall thereupon become final, irrevocable, absolute, and non-contingent. The Plaintiff agrees that such assignment shall constitute a full release and discharge of all of the Defendants' obligations relative to the Periodic Payments set forth above.

**Right to Purchase an Annuity**

The Defendants, themselves, or through their Assignee, reserve the right to fund the liability to make the Periodic Payments by purchasing an annuity policy from Liberty Life Assurance Company of Boston. The Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership. The Assignee may have Liberty Life Assurance Company of Boston mail payments directly to the Payee. The Plaintiff or the Payee, upon reaching the age of majority shall be responsible for maintaining the accuracy of the current mailing address and mortality information for the Payee with the Assignee.

**Non-Assignment**

None of the Periodic Payments and no rights to or interest in any of the Periodic Payments (all of the foregoing being hereinafter collectively referred to as "Payment Rights") can be

    i.    Accelerated, deferred, increased or decreased by any recipient of any of the Periodic Payments; or

    ii.    Sold, assigned, pledged, hypothecated or otherwise transferred or encumbered, either directly or indirectly, unless such sale, assignment, pledge, hypothecation or other transfer or encumbrance (any such transaction being hereinafter referred to as a "Transfer") has been approved in advance in a "Qualified Order" as defined in Section 5891(b)(2) of the Code (a "Qualified Order") and otherwise complies with applicable state law, including without limitation any applicable state structured settlement protection statute.

    iii.    No Plaintiff or Successor Payee shall have the power to effect any Transfer of Payment Rights except as provided in sub-paragraph (ii) above, and any other purported Transfer of Payment Rights shall be wholly void. If Payment Rights under this Agreement become the subject of a Transfer approved in accordance with sub-paragraph (ii) above, the rights of any direct or indirect transferee of such Transfer shall be subject to the terms of this Agreement and any defense or claim in recoupment arising hereunder.

**Payee's Beneficiary**

Any payments to be made after the death of the Payee pursuant to the terms of this Attachment to Petition for Minor's Compromise shall be made to such person or entity as shall be designated in writing by the Payee, upon reaching the age of majority, to the Assignee. If no person or entity is so designated by the Payee, or if the person designated is not living at the time of the Payee's death, such payments shall be made to the estate of the Payee. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Assignee. The designation must be in a form acceptable to the Assignee before such payments are made.

**Discharge of Obligation**

The obligation the Assignee to make each Periodic Payment shall be discharged upon the mailing of a valid check to the designated address or upon electronic transfer into the designated bank account in the amount of such payment to the Payee named in this Attachment to Petition for Minor's Compromise. Upon notice from the Payee that a payment was not received, the Assignee will initiate reasonable stop payment action and upon confirmation that the funds were not negotiated or deposited, Assignee will process a replacement payment.

---

[1] This process involves the herein referenced Defendant issuing a check payable to Barco Assignments Ltd. and signing a Non-Qualified Assignment and Release document to transfer their obligation for these payments to the Assignee.

# List of Company Ratings

**Company:** Liberty Life Assur of Boston
**Domicile:** NH
**Established:** 1963

Excellent. Assigned to companies that have, in our opinion, an excellent ability to meet their ongoing obligations to policyholders.

An insurer rated 'A' has STRONG financial security characteristics, but is somewhat more likely to be affected by adverse business conditions than are insurers with higher ratings.

The Comdex gives the average percentile ranking of this company in relation to all other companies that have been rated by the rating services. The Comdex Ranking is the percentage of companies that are rated lower than this company.

A Best's Financial Strength Rating opinion addresses the relative ability of an insurer to meet its ongoing insurance obligations. It is not a warranty of a company's financial strength and ability to meet its obligations to policyholders. View our Important Notice: Best's Credit Ratings for a disclaimer notice and complete details at http://www.ambest.com/ratings/notice.

Watch list identifiers follow the ratings if the company is on the rating service's watch list. The identifier indicates a possible upgrade (w+), downgrade (w-), or unknown change (w).

The ratings on this report are current as of November 15, 2012. These ratings have been selected by your life insurance advisor from among the ratings assigned to this insurer.
Presented by: J. Douglas Merritt, Ringler Associates, Inc., 1981 N. Broadway, Suite 440, Walnut Creek, CA 94596 Phone: 8003521912 Email: jmerritt@ringlerassociates.com

**ATTACHMENT TO PETITION**
**FOR MINOR'S COMPROMISE**
**FOR:**
**M.M. – DOB: 09/⬤/1996**

## Payments
In consideration of the Petition for Minor's Compromise, attached hereto, County of El Dorado, Janice Eastburn and Kate McCullough (the "Defendants"), agree to pay to the Plaintiff, M.M. (the "Payee") according to the schedule as follows, (the "Periodic Payments"):

**Guaranteed Payout**

**Guaranteed Lump Sum Payment**

| *Age* | *Amount* | *Payment Date* | |
|-------|----------|----------------|---|
| 21 | $ 9,065 | 09/⬤/2017 | **$ 9,065** |

*Funding delays and/or rate adjustments may result in minor changes to the benefits listed above. Such changes will be correctly reflected in the associated Release document.*

## Payee's Rights to Payments
The Plaintiff acknowledges that the Periodic Payments cannot be accelerated, deferred, increased or decreased by the Plaintiff or any Payee and no part of the payments called for herein nor any assets of the Defendants is to be subject to execution or legal process for any obligation in any manner, nor shall the Plaintiff or any Payee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

## Consent to Non-Qualified Assignment[1]
The Plaintiff acknowledges and agrees that the Defendants may enter into a Non-Qualified Assignment with Barco Assignments Ltd. ("Assignee") to make the Periodic Payments set forth herein. Specifically, the County of El Dorado (the "Assignor"), as the payor of the consideration for the Periodic Payments recited herein, shall purchase the above Periodic Payments and assign its obligation by signing a Non-Qualified Assignment document to make the Periodic Payments called for above in this Attachment to Petition for Minor's Compromise. The Assignee's obligation for payment of the Periodic Payments shall be no greater than that of the Defendants (whether by judgment or agreement) immediately preceding the transfer of the Periodic Payments obligation. Liberty Life Assurance Company of Boston will distribute a Notice of Financial Commitment to BARCO Assignments Ltd. with the contract. Liberty Life Assurance Company of Boston has received high ratings from A. M. Best, (A), and Standard & Poor's, (A-) **(See attached ratings sheet).**

Such assignment shall be accepted by the Plaintiff without right of rejection and shall completely release and discharge the Defendants from the Periodic Payments obligation assigned to the Assignee. The Plaintiff recognizes that the Assignee shall be the sole obligor with respect to the Periodic Payments obligation, and that all other releases with respect to the Periodic Payments obligation that pertain to the liability of the Defendants shall thereupon become final, irrevocable, absolute, and non-contingent. The Plaintiff agrees that such assignment shall constitute a full release and discharge of all of the Defendants' obligations relative to the Periodic Payments set forth above.

**Right to Purchase an Annuity**
The Defendants, themselves, or through their Assignee, reserve the right to fund the liability to make the Periodic Payments by purchasing an annuity policy from Liberty Life Assurance Company of Boston. The Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership. The Assignee may have Liberty Life Assurance Company of Boston mail payments directly to the Payee. The Plaintiff or the Payee, upon reaching the age of majority shall be responsible for maintaining the accuracy of the current mailing address and mortality information for the Payee with the Assignee.

**Non-Assignment**
None of the Periodic Payments and no rights to or interest in any of the Periodic Payments (all of the foregoing being hereinafter collectively referred to as "Payment Rights") can be

  i.     Accelerated, deferred, increased or decreased by any recipient of any of the Periodic Payments; or

  ii.    Sold, assigned, pledged, hypothecated or otherwise transferred or encumbered, either directly or indirectly, unless such sale, assignment, pledge, hypothecation or other transfer or encumbrance (any such transaction being hereinafter referred to as a "Transfer") has been approved in advance in a "Qualified Order" as defined in Section 5891(b)(2) of the Code (a "Qualified Order") and otherwise complies with applicable state law, including without limitation any applicable state structured settlement protection statute.

  iii.   No Plaintiff or Successor Payee shall have the power to effect any Transfer of Payment Rights except as provided in sub-paragraph (ii) above, and any other purported Transfer of Payment Rights shall be wholly void. If Payment Rights under this Agreement become the subject of a Transfer approved in accordance with sub-paragraph (ii) above, the rights of any direct or indirect transferee of such Transfer shall be subject to the terms of this Agreement and any defense or claim in recoupment arising hereunder.

**Payee's Beneficiary**
Any payments to be made after the death of the Payee pursuant to the terms of this Attachment to Petition for Minor's Compromise shall be made to such person or entity as shall be designated in writing by the Payee, upon reaching the age of majority, to the Assignee. If no person or entity is so designated by the Payee, or if the person designated is not living at the time of the Payee's death, such payments shall be made to the estate of the Payee. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Assignee. The designation must be in a form acceptable to the Assignee before such payments are made.

**Discharge of Obligation**
The obligation the Assignee to make each Periodic Payment shall be discharged upon the mailing of a valid check to the designated address or upon electronic transfer into the designated bank account in the amount of such payment to the Payee named in this Attachment to Petition for Minor's Compromise. Upon notice from the Payee that a payment was not received, the Assignee will initiate reasonable stop payment action and upon confirmation that the funds were not negotiated or deposited, Assignee will process a replacement payment.

---

[1] This process involves the herein referenced Defendant issuing a check payable to Barco Assignments Ltd. and signing a Non-Qualified Assignment and Release document to transfer their obligation for these payments to the Assignee.

# List of Company Ratings

**Company:**      Liberty Life Assur of Boston
**Domicile:**     NH
**Established:**  1963

Excellent.  Assigned to companies that have, in our opinion, an excellent ability to meet their ongoing obligations to policyholders.

An insurer rated 'A' has STRONG financial security characteristics, but is somewhat more likely to be affected by adverse business conditions than are insurers with higher ratings.

The Comdex gives the average percentile ranking of this company in relation to all other companies that have been rated by the rating services.  The Comdex Ranking is the percentage of companies that are rated lower than this company.

A Best's Financial Strength Rating opinion addresses the relative ability of an insurer to meet its ongoing insurance obligations. It is not a warranty of a company's financial strength and ability to meet its obligations to policyholders. View our Important Notice: Best's Credit Ratings for a disclaimer notice and complete details at http://www.ambest.com/ratings/notice.

Watch list identifiers follow the ratings if the company is on the rating service's watch list.  The identifier indicates a possible upgrade (w+), downgrade (w-), or unknown change (w).

The ratings on this report are current as of November 15, 2012.  These ratings have been selected by your life insurance advisor from among the ratings assigned to this insurer.
Presented by: J. Douglas Merritt, Ringler Associates, Inc., 1981 N. Broadway, Suite 440, Walnut Creek, CA 94596 Phone: 8003521912 Email: jmerritt@ringlerassociates.com

EXHIBIT B

# Non-Qualified Assignment and Release
# of Periodic Payment Obligation

"Claimant"        M███ M██████, C█████ M█████ and H██ M██████

"Assignor"        County of El Dorado

"Assignee"        Barco Assignments Ltd.

"Annuity Issuer"  Liberty Life Assurance Company of Boston

"Effective Date"

This Agreement is made and entered into by and between the parties hereto as of the Effective Date with reference to the following facts:

A.      Claimant has executed a settlement agreement or release dated _____, 20___ (the "Settlement Agreement") that provides for the Assignor to make certain periodic payments to or for the benefit of the Claimant as stated in Addendum No. 1 (the "Periodic Payments"); and

B.      The parties desire to effect an assignment of Assignor's periodic payment liabilities to Assignee.

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the parties agree as follows:

1.      The Assignor hereby assigns and the Assignee hereby assumes all of the Assignor's liability to make the Periodic Payments. The Assignee assumes no liability to make any payment not specified in Addendum No. 1.

2.      The Assignee's liability to make the Periodic Payments is no greater than that of the Assignor immediately preceding this Agreement. Assignee is not required to set aside specific assets to secure the Periodic Payments. The Claimant has no rights against the Assignee greater than a general creditor. None of the Periodic

Payments may be accelerated, deferred, increased or decreased and may not be anticipated, sold, assigned or encumbered.

3.      The obligation assumed by Assignee with respect to any required payment shall be discharged upon the mailing on or before the due date of a valid check in the amount specified to the address of record.

4.      This Agreement shall be governed by and interpreted in accordance with the laws of California.

5.      The Assignee may fund the Periodic Payments by purchasing an annuity contract or funding agreement issued by the Annuity Issuer. All rights of ownership and control of such annuity contract or funding agreement shall be and remain vested in the Assignee exclusively.

6.      The Assignee may have the Annuity Issuer send payment under any annuity contract or funding agreement purchased hereunder directly to the payee(s) specified in Addendum No. 1. Such direction of payments shall be solely for the Assignee's convenience and shall not provide the Claimant or any payee with any rights of ownership or control over the annuity contract, funding agreement or against the Annuity Issuer.

7.     Assignee's liability to make the Periodic Payments shall continue without diminution regardless of any bankruptcy or insolvency of the Assignor.

8.     In the event that the Settlement Agreement is declared terminated by a court of law this Agreement shall terminate. The Assignee shall then assign ownership of any annuity contract or funding agreement purchased hereunder to Assignor, and Assignee's liability for the Periodic Payments shall terminate.

9.     This Agreement shall be binding upon the respective representatives, heirs, successors and assigns of the Claimant, the Assignor and the Assignee and upon any person or entity that may assert any right hereunder or to any of the Periodic Payments.

10.     Claimant hereby accepts Assignee's assumption of all liability for the Periodic Payments and hereby releases Assignor from all liability for the Periodic Payments.

Assignor:     County of El Dorado

By: _____
           Authorized Representative

Title _____

Assignee:     Barco Assignments Ltd.

By: _____
           Authorized Representative

Title _____

Claimants: _____
M▇▇▇ M▇▇▇▇, C▇▇▇▇
M▇▇▇ and H▇ M▇▇
minors, by and through their Natural Parent and Guardian ad Litem, Dowell McLaughlin

Approved as to Form and Content:

_____
           Claimant's Attorney

# Addendum No. 1
## Description of Periodic Payments
### For:



M████████ M███████████ – DOB: 09/██/1996

*Payable to M████ M████████:*

**Guaranteed Lump Sum Payment**

| *Age* | *Amount* | *Payment Date* |
|------|---------|---------------|
| 21   | $ 9,065 | 09/██/2017    |



C██████████ M███████████ – DOB: 01/██/1998

*Payable to C██████ M███████:*

**Guaranteed Lump Sum Payment**

| *Age* | *Amount* | *Payment Date* |
|------|---------|---------------|
| 21   | $ 9,065 | 01/██/2019    |



H████ M████████████ – DOB: 06/██/2004

*Payable to H███ M████████:*

**Guaranteed Lump Sum Payment**

| *Age* | *Amount* | *Payment Date* |
|------|---------|---------------|
| 21   | $ 9,065 | 06/██/2025    |



**Initials**

Assignor_____

Claimant_____

Assignee_____